### VAN INGEN et al. v. SCHOPHOFEN.

(Circuit Court of Appeals, Eighth Circuit. March 26, 1904.)

No. 1,940.

1. BANKRUPTCY—DISCHARGE—OBJECTIONS—FAILURE TO KEEP BOOKS.

A bankrupt's discharge can be prevented under Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], for his failure to keep books of accounts or records showing his true financial condition with intent to defraud, etc., only on proof that his failure to keep such books was with a fraudulent intent to thereby conceal his financial condition, and also in contemplation of bankruptcy.

2. SAME—EVIDENCE.

Where a bankrupt's discharge was sought to be prevented on the ground that he had failed to keep books showing his true financial condition, etc., but the only proof of his intent was his statement that his failure to enter certain loans was induced by fear that, if the objecting creditor knew that he got money outside, such creditor would close him up, and that he thought that he could work along from season to season and pay his debts, such evidence did not justify a presumption that his failure to keep proper accounts was induced by contemplated bankruptcy.

Appeal from the District Court of the United States for the Western District of Missouri.

This is an appeal by a creditor from an order granting a discharge to a bankrupt. On June 19, 1902, Schophofen was adjudged a bankrupt upon the petition of Van Ingen & Co., one of his creditors. His discharge, which was applied for in due course, was opposed by the creditor, the specification of objection being that the "bankrupt, with fraudulent intent to conceal his true financial condition, and in contemplation of bankruptcy, failed to keep books of account or records from which his true condition might be ascertained, in this: that in the schedule of liabilities filed by said bankrupt * * * he scheduled an indebtedness of one thousand dollars to Fredericka Schophofen (his wife), and six hundred thirty-five dollars to Joseph Sach Rowitz, but failed to keep any books or records of any kind whatever showing said indebtedness, or anything whatever relating to the same; that he failed to keep any cashbook or record of the amount of cash received by said bankrupt, and failed to keep any books or records showing the amount of profit made by said bankrupt in his business." At the hearing before the referee the bankrupt was the only witness offered by the objecting creditor. There was no evidence tending to show that the failure to keep a cashbook or record of profits was with fraudulent intent, or in contemplation of bankruptcy; but when the bankrupt was asked by counsel why he had not made entries showing the indebtedness to his wife and to Rowitz upon the imperfect record which he styled his ledger the bankrupt answered: "Because I thought that if your client [Van Ingen & Co.] saw that we had to get money outside to run the shop he would close us up. I thought that I could work along from season to season; that business would get better, and I could pay up." Upon this state of facts the referee recommended the discharge of the bankrupt, and it was accordingly granted by the District Court.

Samuel Feller (Karnes, New & Krauthoff, on the brief), for appellants.

Wilhelm Heidelberger (J. H. Bremermann, on the brief), for appellee.

Before SANBORN, THAYER, and HOOK, Circuit Judges.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

To defeat the discharge of the bankrupt the appellant relies upon section 14b of the bankrupt act of July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], the pertinent provision of which is that the bankrupt shall be discharged unless he has "with fraudulent intent to conceal his true financial condition and in contemplation of bankruptcy * * * failed to keep books of account or records from which his true condition might be ascertained." Two conditions must accompany and give character to the failure of the bankrupt to keep the requisite books of account or records in order to justify its use as a bar to his discharge. In connection with such failure there must be present in his mind not only a fraudulent intent to thereby conceal his true financial condition, but also a contemplation of proceedings in bankruptcy. The existence of the former without the latter is insufficient. The case before us turns upon the fact that the ledger of the bankrupt, the only record kept by him, did not show the indebtedness to two of his creditors, the inquiry as to the purpose of the omission, and his answer. He admitted that his intent was to prevent the appellant, his principal creditor, from ascertaining that he had secured financial assistance from others, and by fair inference from this admission it may be assumed that the first condition operating to prevent his discharge was proven. But was his failure to exhibit such indebtedness upon his books in contemplation of bankruptcy? The bankrupt testified that he thought he could work along from season to season; that business would get better, and that he could pay up. This testimony affirmatively negatives the contention that he was then contemplating bankruptcy. The appellant claims in this connection that the bankrupt was in a state of hopeless insolvency, and that, therefore, it may be presumed that he had in contemplation the necessary end and consequence of that condition. But, assuming that such a presumption may be utilized in a case of this character, it is sufficient to say that the record does not supply the fact from which it is drawn. It does not appear that the bankrupt was hopelessly insolvent. The items and the gross amount of his indebtedness appear in the record, but the amount or value of his assets is not shown. For aught that appears, the hope of the bankrupt to ultimately pay all of the claims of his creditors may have been fairly justified by his business prospects and the amount of his assets. At any rate, we cannot assume a condition not shown by the record, and then predicate thereon a presumption to supply a reason for reversing the order of the trial court. As bearing upon the question whether the bankrupt had in contemplation proceedings in bankruptcy, it should be observed that he did not voluntarily seek the benefit of the provisions of the act, but that, on the contrary, the proceeding was an involuntary one, and was instituted by the appellant as petitioning creditor. Radical changes were made in the provisions of the act of 1898 concerning the discharge of bankrupts by the amendatory act of February 5, 1903 (32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 410]), and among them was the elimination

129 F.—23

of the requirement that the failure to keep books of account from which the bankrupt's financial condition might be ascertained must, in order to operate as a bar to his discharge, be in contemplation of bankruptcy. But the case in hand is controlled by the provisions of the original act.

The order of the District Court will be affirmed.